# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| **JOHN HENRY CONNER, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00638 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DIRECTOR WILLIAM K. MARSHALL, III, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Respondents. | ) | |

*John Henry Conner, Jr., Pro Se Petitioner.*

The petitioner, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of his sentence. Upon review, I conclude that this court does not have jurisdiction over the merits of Conner's habeas claims and they must be dismissed without prejudice.[1]

The Supreme Court has established that jurisdiction over a § 2241 habeas petitions lies in the district of confinement, not where the alleged wrongful acts occurred. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "The writ, or order to show cause shall be directed to the person having custody of the person detained."

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

28 U.S.C. § 2243. A prisoner's "custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242). Therefore, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* (quoting 28 U.S.C. § 2241(a)).

According to Conner's petition and court records, Conner was adjudicated guilty of arson, conspiracy to tamper with a witness, and intimation of a witness, and was sentenced by this court on June 12, 2012, to a term of imprisonment. *United States v. Conner*, Nos. 7:10-cr-00040, 7:11-cr-00036 (W.D. Va. June 12, 2012). He is currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. Therefore, because Conner is confined in South Carolina, this court cannot exercise jurisdiction over his habeas claims. *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008).

Given this court's lack of jurisdiction to address the merits of Conner's § 2241 petition, I must determine whether it is more appropriate to dismiss the case on that basis or to transfer this matter, under 28 U.S.C. § 1631, to the district in which Conner is confined. Factors I may consider include when the petition was filed, if the petitioner has paid the filing fee, whether a statute of limitations might bar the petitioner from refiling his claims, and whether the requested relief is available through a § 2241 petition. *Boughers v. Lovett*, No. 7:23CV00389, 2023 WL 4409112, at *1 (W.D. Va. July 7, 2023).

Here, Conner only recently filed the petition, has not yet paid the filing fee, and is not subject to a statute of limitations under § 2241. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2017) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."). Conner has not shown that he may be entitled to relief. He argues that the case of *United States v. Davis,* 588 U.S. 445 (2019), provides that arson is no longer a violent crime; therefore, his sentence should be recalculated accordingly. The Supreme Court in *Davis* analyzed the residual clause of 18 U.S.C. § 924(c) to conclude that it is unconstitutionally vague. But Conner was not convicted under § 924(c), and "the Supreme Court has not invalidated the residual clause of the Sentencing Guidelines." *United States v. Fallin*, No. 20-7702, 2022 WL 2752527, at *4 (4th Cir. July 14, 2022) (unpublished).

Weighing these factors, I find it appropriate to dismiss this § 2241 petition without prejudice. *See Rice v. Rivera*, 617 F.3d 802, 807–08 (4th Cir. 2010) (concluding that "the district court should have dismissed the Habeas Motion for lack of jurisdiction"). Further, I will deny a certificate of appealability. A separate judgment will be entered.

ENTER: August 20, 2026

/s/ JAMES P. JONES
Senior United States District Judge